All right, good morning. May it please the court, Council for the United States, my name is David Partow. We represent Hever Guzman-Guerrero. I'm here to advocate for maintaining our jealously guarded exceptions to the warrant requirement and against a pre-warrant peak. As the court must be aware by now, Mr. Guzman-Guerrero was walking through the woods when he tripped a game camera and alerted law enforcement to come to his location. They used a canine, which alerted on a backpack that he had once he was found and separated from that backpack, and they unzipped it about six inches, peeked inside, saw that it was full of drugs, secured the backpack, and Mr. Guzman-Guerrero took him down and informed the court of that, received a warrant, searched it, found a lot of drugs. Do you concede that if the agents had not taken that peek, that they nonetheless would still have gone and gotten the warrant? Yes. So then I guess it seems to me your case is controlled by our precedent that just says when a search warrant affidavit contains some lawfully obtained evidence and some unlawfully obtained evidence, the right thing for us as the reviewing court to do is to simply excise the unlawfully obtained evidence and assess whether the remaining evidence is sufficient to support probable cause, and here it seems like it is. And if that's all true, then it seems to me you lose. So what am I missing? Well, I think that that accurately describes certainly a Franks-type challenge. I think the distinction- Franks challenge because the peek was disclosed to the magistrate judge, so there was nothing material that was withheld in the search warrant affidavit. I think I misspoke. I'm envisioning like a Title III wiretap situation where there's information that's in there that shouldn't be in there, and it just gets or it's a misrepresentation, just gets crossed out. First of all, I think that that is dangerous law and dangerous precedent. I will concede that it is the law and it is the precedent. Well, excising the tainted, okay. In the situation of a Title III, I just think it's ‑‑ I think it encourages misrepresentation by law enforcement where the worst that could happen to them is it gets sort of crossed out and reevaluated. It's the misrepresentation. That's what I'm having trouble with. Yes. I'm addressing Judge Watford's argument under a Title III-type analysis. I don't think under a search warrant analysis it quite applies. I think if you conduct the search and then inform the court that you conducted the search in application for a search warrant, I think that's a little bit different situation. I'm not talking about misrepresentations. We have many cases dealing with search warrants in which you look at the four corners of the affidavit. Some of the evidence that's listed there has been lawfully obtained, some unlawfully obtained. And what we have said is that the right thing to do in most situations is to excise the unlawfully obtained evidence, look at what remains to see if it's sufficient. I guess you're conceding that that is the law and that are you conceding that you then lose under that framework? I'm sorry to interrupt. If I were arguing that the search warrant was invalid, yes. I'm not arguing the search warrant's invalid. I'm arguing that the search took place before the search warrant. The peak was the unlawful search. I thought the evidence was that the dog had alerted to the backpack and coupled with the pre-stop investigation that ICE and the Border Patrol had been conducting, you conceded that there was ample probable cause to get a warrant and that the agents would have obtained one. So I'm having the same problem Judge Watford's having. I don't see what's left of the defense case if that's all true. My perception of it is that that is all true, and I conceded in my briefing that there was ample probable cause. I appreciated your concession. I mean, are you asking us to overturn what I think is settled law on excising tainted material and then looking to see if the remaining allegations are sufficient to establish probable cause? I think we're talking about two different issues. Excising for the purposes of determining whether a warrant should have issued or was valid is sort of one, and I think that that's the second thing that Your Honor addresses there. The first one is where there is probable cause and a warrant would have been obtained. There I think is where what I'm asking the court to do is essentially uphold Riley. That's U.S. v. Riley at 224 Federal 3rd, 986. It's from this court from 2000, and in that case what happened was the court found inevitable discovery applicable where the agents had probable cause and would have gotten a warrant inevitably. So you're arguing independent discovery versus independent source? The government is. I'm arguing that a pre-warrant peak should be unlawful under the same theory that Riley holds, which is though there was probable cause, inevitable discovery doesn't apply to a situation where you would have gotten a warrant anyway. And the reason I think it's the case in Riley and why it should be the case here is it's bad precedent. If you tell law enforcement you can peak and then you can get a warrant based on the peak and the worst that will happen is we will excise the peak. That's just – it puts – it further erodes our Fourth Amendment liberties, and I oppose that. I think that they've been eroded enough. Okay. Riley is different. Tell me if I'm – I'm just looking at my note here. In that case, the government never did get the warrant. Correct. And that's what seems to distinguish our case. I think the Supreme Court addressed your concern. I can't remember which case it is. Maybe it's the Murray case where the court said, look, the government's not going to want to do this because what it will have to do then is take on the added burden of establishing that they would have gotten the warrant anyway. And in a lot of situations, they won't be able to do that because you would be able to show that you guys had no intention of getting a warrant. It was only because of what you saw during the peak that led you to go and do it. And so here, you're conceding that they were going to get the warrant anyway. It seems to me that's what dooms your case. If you could show otherwise, then maybe we'd have something to work with, right? Well, I appreciate that. I'm not arguing that they would have gotten a warrant inevitably. I'm conceding – I'm not conceding they would have gotten a warrant regardless. I'm conceding that there was sufficient evidence of probable cause. I thought your concession went a little further. In your briefing, you conceded that the agents intended to get a warrant. Regardless. Yeah, that's how I read the brief. Well, my – And I thought that was what you said earlier in your argument before us here today. Are you now withdrawing those two concessions? Well, no. I think it's fair to assume that the government would have gotten a warrant. I don't know. But the problem with upholding the trial court's decision is it permits them not to. I mean, remember, well— What you're arguing for, you want more deterrence, right, to deter law enforcement misconduct so that they don't regularly engage in what I will refer to as sneak and peeks to see whether or not they're going to be wasting their time to put the warrant application together and run down a magistrate judge and so on. That's certainly one of the reasons, yeah. I'm asking the court to reject the finding below. But I thought the Supreme Court – I can't remember the name of the case either, but it was the case where they were asked to essentially gut the exclusionary rule. And there was a discussion in that case about other remedies that are available, including civil rights actions against the agents for intentional violations of constitutional rights. I mean, clearly you could make an internal affairs complaint to the Border Patrol based on the conduct of the agents. There might potentially be a Bivens claim that could be brought here. The problem for your client is it isn't going to save him from the criminal conviction, but he might get some money damages out of the government if the agent's conduct was truly egregious. Well, that may be the case. That feels pretty far afield of the heartland of this particular case. But that's what the Supreme Court has said in these kinds of situations, that there are alternate remedies besides suppression of the evidence. My concern is this. Mr. Guzman-Guerrero was just walking through the woods with a backpack on. In fact, it wasn't even the woods, really. It was pretty sparse. And I'm a backpacker. So it seems to me that if the court were to uphold the reasoning of the district court that this was an inevitable discovery situation, then if a drug dog – and they peek inside of it and find whatever, then they can use just the minimal facts to establish probable cause, tell the magistrate that they found whatever in my backpack, and then get a warrant to search it, and that peek would have been lawful. Concede that there's more here. I mean, they had done – you know, they had informant information. They had previously seen your client's car. That was all determined later. That was compiled for the warrant. And I'm not arguing against the validity of the warrant. But the collective knowledge doctrine applies, does it not, with regard to – Wasn't this a known traffic route for – Smuggling route. That's what the government says. Well, that's why they were there. That's why they caught your guy. Well, that's why they put a game camera there. I mean, I assume it wasn't to catch game.  It wasn't a four-legged creature, but it was a two-legged creature. Well, when they found him, he was pretty low. I guess my concern is I think that this takes another of the many, many, many steps away from the Fourth Amendment to permit a pre-warrant peek. And I think that based on the precedent of Riley, this Court can and should reject the inevitable discovery argument and say that a pre-warrant peek is unconstitutional. Okay. Thank you very much. I'll give you a minute on rebuttal. Thank you. Good morning, Your Honors. Russ Smoat for the United States. I guess first I would just submit to the Court direction by the Court if there are specific questions in relation – Well, I do have a couple of questions. It was curious to me, the District Court rejected after the evidentiary hearing  to look into the backpack before they transported the arrestee and his possessions to the Border Patrol Station. And I assume the argument was made that it would have been inevitably discovered when they inventoried the contents of the backpack when they were booking him. What was it in the factual record that caused the District Court to reject what seems to me to be pretty reasonable arguments? You know, ultimately, I'm not sure exactly why the District Court rejected it. In reviewing the District Court's order, in fact, I reviewed it. I'm sorry, I can't remember the case. But the District Court judge based it on a case that appeared to be – that the District Court found very similar in which the law enforcement was searching through a person's – I believe it was personal belongings and found, as I read the order, that the Court analogized this case to that circumstance. Counsel, I'm concerned about the theory under which the District Court made its findings. It was based on inevitable discovery. But this is an independent source case. It wasn't discovered. This was found as a result of the search under the search warrant. Isn't that correct? That is correct, Your Honor. So it can't really be affirmed on the basis of inevitable discovery. Well, I would say I didn't argue it at the District Court, and I think it was argued under inevitable discovery. It could very well be independent source because – It doesn't stand. There are other theories here that might survive, but that one doesn't, does it? Well, I'm not so sure about that, Your Honor. In reviewing Riley case in preparation for this, Riley talks about independent inevitable discovery. No, but this isn't inevitable discovery if it's discovery pursuant to a search warrant. That's not inevitable. That's correct, Your Honor. All right. Well, could this be affirmed on the independent source theory? I believe so, Your Honor. Without the actual citations to that, it certainly could be. I think it's maybe a manner of improper semantics in terming it inevitable discovery because clearly the support was in the search warrant. The search warrant was based on much more than simply the hypothetical of a person walking through the woods with a backpack. There was a – But to survive on independent source, you have a two-part test. The decision was not prompted by what they saw in the backpack, and the information was presented to the magistrate. Now, that part's okay, but the first part, did the district court explicitly find that the agents would have sought a search warrant? I realize there's a potential concession here, but was there an express finding by the district court? I can review the order very quickly, Your Honor. I have the order with me. I know that they did that, and I believe that that was their intention, and I'm not because – and I think the facts dictate that that was the intention because if the – It's not about the intention I'm talking about. Did the district court make the explicit finding that's required under the Murray case to survive under independent source? You know, this is the alternate theory here. Well, the order itself indicates that the evidence from the defendant's backpack would have been discovered through the execution of a valid search warrant. All right, that's inevitable discovery, but that's not what we're talking about. We're talking about independent source, a different theory. Your Honor, I think that it could have. I don't think that it was presented that way. I believe it was presented as inevitable discovery and perhaps not presented in the proper way. Okay, just so you're aware, I'm concerned that other cases of ours, Durano, Roscoe, Hill, Holtzman, have all remanded to the district court to make the explicit finding that the agents would have sought the search warrant. As I said, maybe the concession's enough, but I'm trying to piece this together. Thank you. Your Honor, if it would help, I can peruse the record further to determine if that was specifically stated. I was reviewing it in terms of inevitable discovery, and we could provide a very quick briefing. Was there testimony by any of the agents at the suppression hearing as to what their intentions were, whether the district court made findings on that issue or not? I believe, Your Honor, that it was – I'm sorry, Your Honor, I can't answer that right now. I apologize. I understand that the case agent was an ICE agent, but the arresting officer was a Border Patrol agent. Is that correct? I believe so. So it was sort of a joint investigation between ICE and Border Patrol? Yes. All right. Anybody have any further questions? Do you have any further points? I just wanted to indicate that I believe that – no, Your Honor, not at this time. I believe as the United States indicated in its briefing that it is – this case is clearly distinguishable from Riley, which is what the defendant supports or uses to support this case. In this case, everything occurred that support probable cause long before the peak, whereas in Riley the search ultimately of the hotel room was based on the unlawful inquiry after the defendant asked for an attorney. And the officers never got a warrant? Correct. Okay. Thank you. Mr. Partovi, I'll give you a minute on rebuttal. Your Honor, just for the court, first I'll note that in the order denying the motion to suppress, the court wrote, the court finds that the government has demonstrated by a preponderance of the evidence that the search warrant would have been issued and the narcotics discovered. I don't – I did argue it below, and I don't remember discussion of intent. It was our intent to get a warrant.  Would have is what? Yeah, would have. Would have is what she said. Yeah. You know, here's the thing. I am here on behalf of somebody else, not myself. And so when I make these concessions, et cetera, it's not necessarily mine – they aren't mine to make. However, I'm also an officer. Wait a second. Counsel, you're the attorney representing the defendant. If you make a concession in the middle – in a brief or an oral argument, that concession is binding on your client. And I'm not withdrawing the ones that have been made. I'm excusing my failure to make more. So when I say to the court, you can affirm on any basis in the record, and as Judge O'Scanlan points out, there may be other theories here. But I think that the theory upon which the district court denied the motion to suppress is the wrong theory. And if this court affirms that theory, that makes bad law. And that's what I'm asking you to do, whether it's a remand for an additional order or whatever it is. I am asking this court not to – Or a disposition on the basis of a lawful theory that the record supports. Correct. And I think our case law says we can do that on it. I think it does. And that's the concession that I'm nervous to make, right? I don't want to – Well, you're not giving away the store here, counsel. It's a pretty subtle principle of appellate procedure. I agree. But I'm appointed. I have deadlines and orders, and so I'm here. But I am asking the court not to affirm on that theory. I think that the pre-warrant peak is bad law, and it should not be made. We hear your position loud and clear. Thank you very much. Thanks, Ron. Case just argued is submitted.
judges: O'scannlain, Tallman, Watford